**EDWARD L. KALIK ENTERPRISES, LTD., Plaintiff**

v.

**SEABOARD INDUSTRIES, INC. d/b/a SEABOARD
ELECTRONICS COMPANY and JERRY HACKER,
Defendants**

Civil No. 1982-298

District Court of the Virgin Islands

Div. of St. Thomas and St. John

December 20, 1983

MARIA TANKENSON HODGE, P.C. ESQ., St. Thomas, V.I., *for plaintiff*

SAMUEL H. HALL, JR., St. Thomas, V.I., *for defendants*

CHRISTIAN, *Chief Judge*

## MEMORANDUM AND ORDER

This case is before the Court on motions of defendants to dismiss the complaint, to transfer the case, and for summary judgment as to defendant Hacker. Fed. R. Civ. P. 12(b) (2), 12(b) (5), 17, and 56; 28 U.S.C. § 1404.

In their memorandum of law, defendants have asserted three grounds for dismissal of the complaint: (1) that this Court lacks personal jurisdiction over the defendants, (2) that plaintiff is not the real party in interest, and (3) that service of process under 5 V.I.C. § 112 was improper.

According to the first amended complaint, plaintiff Edward L. Kalik Enterprises, Ltd. (hereinafter Kalik) negotiated with defendant Seaboard Electronics Co. (hereinafter Seaboard) and its president, defendant Jerrold Hacker, for the purchase of a wireless security monitoring system which Kalik intended to use in the Virgin Islands. The system was eventually shipped to St. Thomas. Kalik alleges that when the security system arrived, it was not legally usable in the Virgin Islands, contrary to representations made by defendants. Thereupon plaintiff commenced this action for, inter alia, breach of contract and fraudulent misrepresentation.

Defendants now argue that this Court lacks in personam jurisdiction over both the corporate and the individual defendant. In an affidavit by defendant Hacker, he states that Seaboard is a New York corporation which maintains no offices, agents or employees in the Virgin Islands and that it does not actively solicit business here. Hacker also states that negotiations for the contract which is the subject of this lawsuit took place in New York, and that the contract was entered into by Seaboard with Mashel Trading and Consulting Corporation (hereinafter Mashel) a New York corporation, not plaintiffs, and that Mashel paid for the security system. Based on these assertions, defendants argue that the Court lacks jurisdiction over the defendants.

Plaintiffs counter with an affidavit by Edward Kalik, in which he states that he had business discussions with defendant Hacker, as president of Seaboard Electronics, in St. Thomas concerning the purchase of security equipment, that Mashel Trading and Consulting Corporation was the entity which paid for equipment on behalf of Kalik Enterprises, that Seaboard knew the equipment was for Kalik in St. Thomas and that Seaboard shipped the equipment to Kalik in St. Thomas. Plaintiff has submitted a copy of an airbill which indicates that Seaboard shipped the equipment to Kalik in St. Thomas. Defendants have introduced various invoices and purchase orders concerning the equipment, some of which indicate Mashel as the purchaser while others reflect Kalik as the purchaser.

 It is clear to this Court that we have personal jurisdiction over the corporate defendant pursuant to subsection (a) (2) of 5 V.I.C. § 4903, the Virgin Islands "Long Arm" Statute, which provides that the Court may exercise personal jurisdiction as to a claim for relief arising from a person's "contracting to supply services or things in this territory." From the affidavits and exhibits presented, it is manifest that Seaboard intended, negotiated and finally contracted to supply wireless security equipment into this territory. Thus, as to Seaboard, this case falls squarely within the ambit of § 4903(a) (2) and thus the Court may exercise personal jurisdiction over the corporate defendant.

 As to the individual defendant Hacker, plaintiffs allege that the misrepresentations made by him, while in the Virgin Islands, concerning the qualities of the equipment, constituted a tort committed in the territory, thereby subjecting him to the jurisdiction of this Court pursuant to 5 V.I.C. § 4903(3), which permits this Court to exercise personal jurisdiction over a person as to a claim for relief

arising, from the person's "causing tortious injury by an act or omission in this territory." Plaintiffs further point out that an agent is personally liable for torts committed within the scope of his employment, citing section 343 of the Restatement (Second) of Agency.

■ Because of the lack of discovery to date in this case, the court cannot determine with any degree of certainty whether or not these allegations in the complaint are true. However, at this juncture, plaintiff need do no more than allege sufficient facts in the complaint to support a reasonable inference that defendants can be subjected to jurisdiction within the territory. Aaron Fever and Sons Co. v. Diversified Metals Corp., 564 F.2d 1211, 1215 (8th Cir. 1977); Product Promotions, Inc. v. Cousteau, 495 F.2d 483, 491 n.8 (5th Cir. 1974). We conclude, therefore, that plaintiff has made a sufficient prima facie showing, through the allegations of its complaint as well as by virtue of the affidavit and exhibits submitted, to warrant this court in asserting jurisdiction over both the corporate and individual defendant. The motion to dismiss for lack of in personam jurisdiction will be denied, without prejudice.

■ Defendants have asserted other grounds for dismissal of the complaint. They argue that Mashel is the real party in interest in this suit, not Kalik. We disagree. While it appears that Mashel did indeed play an important part in the transactions involved in this action, it is equally apparent that Kalik was the true purchaser of the equipment and was to be the user of the equipment as well. If the equipment was defective in some way it was Kalik who suffered loss as a result and is hence a real party in interest within the meaning of Rule 17 of the Federal Rules of Civil Procedure.

■ Defendants further argue in support of their motion to dismiss that service of process was defective. Plaintiff was granted permission to serve process by mail pursuant to 5 V.I.C. § 112(c). Section 112, by its terms, may be utilized for serving process only when service of the summons "cannot be made as prescribed in Rule 4 of the Federal Rules of Civil Procedure." In this case, service could have been made pursuant to Rule 4 and therefore it was error to direct service pursuant to § 112. However, service could have been properly made under Rule 4 in the same manner as prescribed by the Court, i.e. by any form of mail requiring a signed receipt.[1] Thus,

---

[1] Subsection (e) of Rule 4 of the Federal Rules of Civil Procedure provides in part that "[w]henever a statute or rule of court of the state in which the district court is

while the Court's reliance on § 112 was improper, the manner of service directed by the Court was permissible and was therefore proper.

Defendants have moved the Court to transfer this case to a district court in New York. In support of that motion, defendants point out that in a nondisclosure agreement between Mashel and Seaboard, the parties agreed that New York was the proper forum for the resolution of disputes between the parties. Defendants also argue that it would be more convenient for them to litigate in New York and that defendants' witnesses are located there. Plaintiffs, on the other hand, urge that defendants' convenience is not controlling in a determination of a motion to transfer, that the equipment in question is present in the Virgin Islands as are plaintiff and its witnesses.

 In deciding a motion to transfer, the burden is on the moving party to establish that a balancing of proper interests weighs in favor of transfer. Schutte v. Armco Steel Corp., 431 F.2d 22 (3d Cir. 1970), cert. denied 401 U.S. 910 (1971). A plaintiff's choice of forum is a paramount consideration in any determination of a transfer request. Id. at 25. Moreover, the decision to transfer, while within the discretion of the trial court, should not be liberally granted. Hanlos v. Litton Industries, Inc., 304 F.Supp. 347 (E.D. Wis. 1969). It appears in the present case that witnesses are in both New York and the Virgin Islands. As to the choice of law provision in the nondisclosure agreement, that clause provides that any dispute *under the terms of the nondisclosure agreement* would be litigated in New York. However, the instant suit does not in any way involve the provisions or terms of the nondisclosure agreement, which, incidentally, was apparently drafted to prevent Mashel from disclosing trade secrets concerning the wireless security system. Considering the foregoing, we shall not exercise our discretion in favor of transfer of this action at this time.

 Defendant Hacker has moved for summary judgment as to his liability for any damages incurred by plaintiff. He contends that

held provides (1) for service of a summons . . . upon a party not an inhabitant of or found within the state . . . service may . . . be made under the circumstances and in the manner prescribed in the statute . . ." The Virgin Islands has such a statute, 5 V.I.C. § 4904, which states that "[w]hen the exercise of personal jurisdiction is authorized by this chapter, service may be made outside this territory." Section 4911 of Title 5, entitled "manner and proof of service," provides for the methods of service to be used when service is authorized pursuant to § 4904, one of which is service by any form of mail requiring a signed receipt.

as agent for a disclosed principle, no liability could attach to him for any breach of the contract between Seaboard and Kalik. However, plaintiffs have asserted a cause of action against Hacker in tort as well. In any event, given the many disputed facts underlying this action, as evidenced by the conflicting affidavits submitted by the parties, summary judgment would be clearly inappropriate.

## ORDER

The premises considered and the Court being fully advised,

IT IS ORDERED that the motion of defendants to dismiss be, and the same is, hereby DENIED WITHOUT PREJUDICE;

FURTHER ORDERED that the motion of defendants to transfer be, and the same is, hereby DENIED; and

FURTHER ORDERED that the motion of defendant Hacker for summary judgment be, and the same is, hereby DENIED.