**IN RE CATALYST THIRD-PARTY LITIGATION**

Master Docket SX-05-CV-799
Superior Court of the Virgin Islands
Division of St. Croix
December 16, 2015

WILLOCKS, *Administrative Judge*

## MEMORANDUM OPINION

(December 16, 2015)

**THIS MATTER** is before the Court on Third-Party Defendant Haldor Topsoe, Inc.'s (hereinafter, "HTI") Motion to Dismiss the "Third Amended Complaint"[1], filed on August 14, 2015.[2] Third-Party Plaintiffs Hess Oil Virgin Islands Corporation (hereinafter, "HOVIC") and Amerada Hess Corporation (hereinafter, "Hess", together with HOVIC, "Third-Party Plaintiffs") filed an Opposition on October 2, 2015. On

---

[1] The Court believes this is a clerical or typographical error because Third-Party Plaintiffs have not filed a "Third Amended Complaint" in this case yet. The Court believes HTI's Motion to Dismiss is geared towards the Amended Third-Party Complaint. As such, the Court will discuss HTI's Motion to Dismiss with regard to the Amended Third-Party Complaint.

[2] The Court granted HTI's Motion for Extension of Time to File and Serve its Memorandum of Points and Authorities in Support of the Motion to Dismiss.

October 30, 2015, HTI filed a Reply pursuant to its stipulation with the Third-Party Plaintiffs for enlargement of time to reply.[3]

## BACKGROUND

In 2005, the plaintiffs in the underlying action filed lawsuits against Third-Party Plaintiffs for, *inter alia*, injuries sustained from alleged exposure to catalyst while working at HOVIC's refinery in St. Croix during the period from 1965 to 1998. On February 20, 2009, upon leave from the Court, Third-Party Plaintiffs filed a Third-Party Complaint asserting claims for contribution, contractual indemnification, and breach of contract. The Court subsequently severed the Third-Party lawsuit from the underlying lawsuits. On October 16, 2009, upon further leave from the Court, Third-Party Plaintiffs filed an Amended Third-Party Complaint, asserting claims for contribution, common law indemnification, contractual indemnification, and breach of contract.[4] According to the Amended Third-Party Complaint, HTI is "a foreign corporation which was, during the times alleged in these actions, engaged in the business of manufacturing, designing, packaging, selling, leasing and/or distributing catalyst at the HOVIC refinery and was doing business in the U. S. Virgin Islands at all times relevant to these lawsuits." (Compl. ¶ 10.) Plaintiffs in the underlying lawsuits and Third-Party Plaintiffs settled their dispute and the Court ultimately dismissed the claims of Plaintiffs and Third-Party Plaintiffs with prejudice.

The Summons for HTI was signed and stamped on June 11, 2015 by the Clerk.[5] (Opposition, Exhibit 1.) HTI was served on July 16, 2015.[6] (*Id.*) In lieu of an answer, HTI filed this instant motion seeking dismissal

---

[3] In an order dated November 23, 2015, the Court granted HTI and Third-Party Plaintiffs' stipulation and deemed HTI's Reply timely.

[4] The Amended Third-Party Complaint was filed before *Banks v. International Rental & Leasing Corp.*, 55 V.I. 967 (V.I. 2011). For the purpose of this opinion, the Court will assume that these are all still viable causes of action in the U.S. Virgin Islands post-*Banks*.

[5] Although HTI argued that the Amended Third-Party Complaint should be dismissed for insufficient process, HTI did not point to any insufficiency and failed to provide a copy of Summons for the Court to review and make a determination. Nevertheless, Third-Party Plaintiffs included a copy of the Summons in their Opposition.

[6] Similarly, aside from HTI's conclusory statement that it was not served until July 16, 2015, HTI did not provide any evidence that the service of process was insufficient. Nevertheless. Third-Party Plaintiffs included a copy of the Affidavit of Service in their Opposition.

pursuant to FED. R. CIV. P. 4(m),[7] 12(b)(2),[8] 12(b)(4),[9] 12(b)(5),[10] and 12(b)(6),[11]

## DISCUSSION

█ In its Motion to Dismiss, HTI argued that Third-Party Plaintiffs' process and service of process upon HTI was insufficient. HTI thus concluded that the Court failed to acquire personal jurisdiction, and the claims against it should be dismissed pursuant to FED. R. CIV. P. 4(m), 12(b)(2), 12(b)(4), and 12(b)(5).[12]

---

[7] FED. R. CIV. P. 4 provides:

(m) Time Limit for Service. If a defendant is not served within 120 days after the complaint is filed. the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

[8] Lack of personal jurisdiction defense.

[9] Insufficient process defense.

[10] Insufficient service of process defense.

[11] Failure to state a claim upon which relief can be granted defense.

[12] Although HTI noted in its Motion that the Amended Third-Party Complaint should be dismissed pursuant to FED. R. CIV. P. 4(m), 12(b)(2), 12(b)(4), 12(b)(5), and 12(b)(6), HTI did not include any detailed discussion or argument relating to its 12(b)(6) defense. Similarly, HTI did not include any detailed discussion or argument regarding the U.S. Virgin Islands' long-arm statute or due process for its 12(b)(2) defense. *See St. Croix, Ltd. v. Shell Oil Co.*, 60 V.I. 468, 474 (V.I. 2014) ("The Superior Court may exercise personal jurisdiction over an out-of-state defendant only where the plaintiff has satisfied the requirements of the long-arm statute and the exercise of personal jurisdiction satisfies the requirements of due process.") HTI's 12(b)(2) argument relied solely on its conclusion that the Court failed to acquire personal jurisdiction due to insufficient process and service of process. Moreover, despite arguing that the Amended Third-Party Complaint should be dismissed for insufficient process, HTI did not point to any insufficiency or include any argument relating to its 12(b)(4) defense. *See supra*, footnote 5. HTI's sole argument seems to be its 12(b)(5) defense. Most notably, HTI's Reply had the heading, "THE VERY CASE CITED BY HESS/HOVIC DEMONSTRATES THAT DISMISSAL IS PROPER HERE UNDER FED. R. CIV. P. 12(b)(5)." There are no headings that addressed 12(b)(2), 12(b)(4), or 12(b)(6).

The Supreme Court of the Virgin Islands has established that in order for a motion to be properly before the court, parties must support their arguments by citing the proper legal authority, statute or rule. *See Bernhardt v. Bernhardt*, 51 V.I. 341, 345-46 (V.I. 2009); *see also Davis v. Varlack Ventures, Inc.*, 59 V.I. 229, 238-239 (V.I. 2013) (The rules of this Court require an appellant's brief to "contain the contentions of the appellant with respect to each of the issues presented, and the reasons therefor, *with citations to the authorities, statutes*, and parts of the record relied on."). Here, HTI's conclusory sentence that the Amended Third-

19

## A. Timeliness of HTI's Motion to Dismiss

In its Opposition, Third-Party Plaintiffs argued that HTI's Motion to Dismiss was untimely and thus, HTI's arguments are waived. In its Reply, HTI argued that its Motion to Dismiss was timely because under Title 5 V.I.C. § 112(d), HTI has thirty days to file a responsive pleading.[13] HTI further argued that, in light of recent decisions from the Supreme Court of the Virgin Islands (hereinafter, the "Supreme Court"), the local statute and not the federal rule should apply. (Reply, p. 2.)

██ Title 5 V.I.C. § 112 is titled "Substituted Service by Publication" (hereinafter, "Section 112"). Although substituted service by publication is not an issue in this matter, HTI argued that the time limit set forth in Section 112(d) is applicable here. However, Title 1 V.I.C. § 44 instructs that the headings "are made for the purpose of convenient reference and orderly arrangement, and no implication, inference, or presumption of a legislative construction shall be drawn therefrom." Thus, the Court will look at Title 5 V.I.C. § 112 in its entirety for a legislative construction. Section 112(a) discusses circumstances when the court shall grant an order for service to be made by publication;[14] Section 112(b) discusses

---

Party Complaint should be dismissed pursuant to FED. R. CIV. P. 12(b)(2), 12(b)(4), and 12(b)(6), without further discussion, was deficient. Accordingly, the Court will only address HTI's arguments related to FED. R. CIV. P. 4(m) and 12(b)(5).

[13] Title 5 V.I.C. § 112(d) provides:

> (d) Personal service of a copy of the summons and complaint out of the Virgin Islands shall be equivalent to publication and deposit in the post office. In case of personal service out of the Virgin Islands the defendant shall appear and answer within thirty days from date of service.

[14] Title 5 V.I.C. § 112(a) provides:

> (a) When service of the summons cannot be made as prescribed in Rule 4 of the Federal Rules of Civil Procedure, and the defendant after due diligence cannot be found within the Virgin Islands. and when that fact appears by affidavit to the satisfaction of the district court, or the Superior Court in an action therein, and it also appears that a cause of action exists against the defendant, or that he is a proper party to an action relating to real or personal property in the Virgin Islands. the court shall grant an order that the service be made by publication of the summons in any of the following cases:
>
> > (1) When the defendant is a foreign corporation, and has property within the Virgin Islands, or the cause of action arose therein:
> > (2) When the defendant, being a resident of the Virgin Islands. has departed therefrom with intent to defraud his creditors or to avoid the service of the summons,

20

the form of the summons to be published;[15] Section 112(c) discusses the procedures necessary to effect service by publication;[16] and Section 112(e) discusses the defendant as to whom publication is ordered.[17] Without addressing other subsections of Section 112, HTI singled-out

---

> or with like intent keeps himself concealed therein, or has departed from the Virgin Islands and remained absent therefrom six consecutive weeks;
>
> (3) When the defendant is not a resident of the Virgin Islands, but has property therein, and the court has jurisdiction of the subject of the action;
>
> (4) When an action is to have a marriage declared void, or for a divorce in the cases prescribed by law;
>
> (5) When the subject of the action is real or personal property in the Virgin Islands, and the defendant has or claims a lien or interest actual or contingent therein, or the relief demanded consists wholly or partly in excluding the defendant from any lien or interest therein; or
>
> (6) When the action is to foreclose, satisfy, or redeem from a mortgage, or to enforce a lien of any kind on real estate in the Virgin Islands, or satisfy or redeem from the same.

[15] Title 5 V.I.C. § 112(b) provides:

> (b) The summons published shall contain the name of the court and the title of the cause, a succinct statement of the relief demanded, the date of the order for service by publication, and the time within which the defendant is required to answer the complaint.

[16] Title 5 V.I.C. § 112(c) provides:

> (c) The order shall direct the publication to be made in a newspaper of general circulation in a jurisdiction designated by the court as the most likely to give notice to the person to be served for such length of time as may be deemed reasonable, not less than once a week for four weeks. In case of publication, the court shall also direct a copy of the summons and complaint to be forthwith deposited in the post office, directed to the defendant at his place of residence, unless it shall appear that such residence is neither known to the party making the application nor can with reasonable diligence be ascertained by him. Alternatively, the order shall direct a copy of the summons and complaint to be forthwith deposited in the post office, directed to the defendant, by any form of mail requiring a signed receipt therefor. The defendant shall appear and answer within 30 days after the completion of such period of publication, and in the case of any form of mailing requiring a signed receipt within 30 days from the date of receipt as indicated by the signed receipt.

[17] Title 5 V.I.C. § 112(e) provides:

> (e) The defendant as to whom publication is ordered, or his personal representatives, on application and sufficient cause shown, at any time before judgment shall be allowed to defend the action. The defendant as to whom publication is ordered, or his representatives, may in like manner, upon good cause shown, and upon such terms as may be proper, be allowed to defend after judgment and within one year after the entry of such judgment on such terms as may be just; and if the defense be successful, and the judgment or any part thereof have been collected or otherwise enforced, such restitution may thereupon be compelled as the court shall direct. But the title to property sold upon

Section 112(d) and argued that it should be applied broadly in every instance, such as here. *But see Corporacion Insular De Seguros v. W. Indies Transp.*, 22 V.I. 31 (Terr. Ct. 1986) ("One may resort to § 112 only in one of six cases set forth in § 112(b)(1)-(6) . . ."). HTI did not explain why this reading is proper; HTI simply picked a subsection of a statute and applied it out of context. The Court does not find HTI's reading of Section 112(d) proper. In *In re Infant Sherman*, the Supreme Court instructed that, "when reviewing a statute, each statutory provision should be read by reference to the whole statute" and that "the statute should be interpreted to give consistent, harmonious and sensible effect to all its parts." 49 V.I. 452, 463 (V.I. 2008) (internal quotations omitted).

■ Furthermore, service under Section 112 applies only "when service of the summons cannot be made as prescribed in Rule 4 of the Federal Rules of Civil Procedure . . ."[18] Federal Rules of Civil Procedure 4(h) provides two primary means of effecting service on corporations. FED. R. CIV. P. 4(h). First, a corporation may be served in the same manner as individuals under Rule 4(e)(1). *Id.* Second, service may be accomplished "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . ." *Id.* There is no indication by Third-Party Plaintiffs that service could not be made upon HTI as prescribed in Federal Rules of Civil Procedure 4 (hereinafter, "Rule 4").[19] *See Edward L. Kalik Enterprises v. Seaboard Indus.*, 20 V.I. 383, 387 (D.V.I. 1983) ("In this case, service could have been made pursuant to Rule 4 and therefore it was error to direct service pursuant to § 112.").

Moreover, service under Section 112 is only permitted by order of the Court, which is not present here. Chapter 504 of Title 5 of the Virgin

---

execution issued on such judgment to a purchaser in good faith shall not be thereby affected.

[18] Federal Rules of Civil Procedure 4 is applicable in the Virgin Islands pursuant to Virgin Islands Superior Court Rule 27. Virgin Islands Superior Court Rule 27(b) states in relevant part that "[t]he summons and process shall be served in the same manner as required to be served by Rule 4 of the Federal Rules of the Federal Rules of Procedure . . ." Accordingly. Federal Rules of Civil Procedure 4 governs the manner of service of process.

[19] HTI only argued that the service was insufficient because they were served outside of the 120-day period prescribed by Federal Rules of Civil Procedure 4: HTI did not object to the manner it was served, *to wit*: personal service to its Registered Agent.

Islands Code specifically deals with effecting service outside of the Virgin Islands. Namely, Title 5 V.I.C. § 4911, provides in relevant part: "When the law of this territory authorizes service outside this territory, the service, when reasonably calculated to give actual notice, may be made: by personal delivery in the manner prescribed for service within this territory." HTI never explained why service was allegedly effected pursuant to Title 5 V.I.C. § 112 instead of Title 5 V.I.C. § 4911 and Rule 4 in this matter. Thus, while the Court finds HTI's argument novel and interesting, for the reasons stated, the Court does not find it persuasive.

■ The Supreme Court made it clear that "the Federal Rules of Civil Procedure . . . should be invoked only when a thorough review of applicable Virgin Islands statutes, Superior Court rules, and precedents from this Court reveals the absence of any other [applicable] procedure." *Vanterpool v. Gov't of the V.I.*, 63 V.I. 563, 576. There are precedents from the Supreme Court regarding motions to dismiss under Federal Rules of Civil Procedure 12 (hereinafter, "Rule 12"). The Court finds the standard of review set forth in said precedents binding and more persuasive than applying a subsection of the local statute out of context.

■ In *Martinez v. Colombian Emeralds, Inc.*, 51 V.I. 174, 189 (V.I. 2009), the Supreme Court noted that the movant must file the Rule 12(b) motions within the time frame set forth under Rule 12(a). Furthermore, Rule 12(b) motions "must be made before pleading if a responsive pleading is allowed." FED. R. CIV. P. 12(b).

■ In *Martinez*, the Supreme Court ruled that, when the defendant filed the motion to dismiss out of time, "absent the granting of a proper motion by [defendant] to plead out of time filed with the requisite showing of excusable neglect, no further pleading was permitted by [defendant], and consequently, the filing of a pre-answer motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) was not permitted." 51 V.I. at 189. Generally, an improperly-filed motion to dismiss should not be entertained by the Court, absent articulated circumstances to justify the Court exercising discretion to accept late motions. *Id.* at 190 n.12.

■ Here, HTI was served on July 17, 2015 but HTI did not file its Motion to Dismiss until August 14, 2015, outside of the 21-day time frame permitted under Rule 12(a). HTI did not file a motion for leave to file out

of time[20] with a satisfactory showing of excusable neglect as required by Virgin Islands Superior Court Rule 10(a).[21] At that juncture, similar to the defendant in *Martinez*, absent the Court granting a proper motion by HTI to plead out of time with the requisite showing of excusable neglect, no further pleading was permitted by HTI. *See Martinez*, 51 V.I. at 189. HTI's Motion to Dismiss was thereby not permitted.

Accordingly, HTI's Motion to Dismiss is not properly before the Court. HTI never moved to for an extension to file its Motion to Dismiss out of time and made no showing of excusable neglect. Thus, the Court will not consider HTI's Motion to Dismiss.

## B. Service of Process[22]

█ As stated above, pursuant to Virgin Islands Superior Court Rule 27(b), Rule 4 governs the manner of service of process in the Virgin Islands.[23] Rule 4 requires that the summons and complaint be served on a defendant within 120 days after the filing of a complaint.[24] Here, Third-Party Plaintiffs did not serve HTI until approximately 6 years after the Amended Third-Party Complaint was filed. Third-Party Plaintiffs never filed a request for enlargement of time to complete service after 120 days expired. Thus, service of process was insufficient under Virgin Islands Superior Court Rule 27 and Federal Rules of Civil Procedure 4(m).

While the Court finds that the Third-Party Plaintiffs' service upon HTI was deficient, the Court does not find HTI to be unduly prejudiced. The Court's October 9, 2009 Order severed the Third-Party lawsuit from the underlying lawsuits, so HTI would not have been a party privy to

---

[20] *See supra*, footnote 2. While HTI moved for an extension of time to file its brief in support of its Motion to Dismiss which the Court granted, HTI never moved for an extension of time to file its Motion to Dismiss.

[21] V.I. Superior Court Rule 10 provides in pertinent part: When an act is required or allowed to be done at or within a specified time —

    (a) The court for cause shown may at any time in its discretion:
        1.    With or without notice, order the period enlarged if application therefor is made before the expiration of the period originally pre-scribed or as extended by a previous order of the court.
        2.    On motion permit the act to be done after the expiration of the speci-fied period if the failure to act was the result of excusable neglect.

[22] *See supra*, footnote 12.

[23] *See supra*, footnote 18.

[24] *See supra*, footnote 7.

discovery and settlement discussion of the underlying lawsuits. *See, e.g., Abednego v. St. Croix Alumina, LLC,* 63 V.I. 153, 183 (V.I. Super. Ct.) ("Once severed, the claims proceed separately as independent actions with separate judgments entered in each.") (internal quotation marks omitted). Furthermore, there has been minimal movement in this Third-Party lawsuit since its commencement in 2009. Currently, Third-Party Plaintiffs' Motion for Leave to File a Second Amended Third-Party Complaint is still pending before the Court.[25]

■ Under Rule 4(m), the Court has the discretion to dismiss the case or extend the time period for service when there is no showing of good cause.[26] *See Ross v. Hodge,* 58 V.I. 292, 310-11 (V.I. 2013) ("Even if the court finds no good cause exists to warrant an extension, the court must at least consider whether any other factors warrant a discretionary extension.") Pursuant to Rule 4(m), and given the circumstances of the case, namely, it is still in the early stage of litigation due to minimal movement since its commencement, the Court believes that it is in the interest of justice to grant Third-Party Plaintiffs a brief extension to serve HTI. Accordingly, the Court will grant Third-Party Plaintiffs an additional three weeks to serve HTI.

## CONCLUSION

The Court did not consider HTI's Motion to Dismiss because it is not properly before the Court. Under Federal Rules of Civil Procedure 4(m), even without a showing of good cause, the Court could properly exercise its discretion by extending the time period for service. While the Court finds Third-Party Plaintiffs' lack of diligence in serving HTI troublesome, in light of the circumstances of the case, the Court is hesitant to deny potentially meritorious claimants their day in court without providing them the opportunity to perfect service. An Order consistent with this Memorandum Opinion will follow.

---

[25] By separate order, the Court will *sua sponte* direct parties to brief certain concerns the Court has regarding the Third-Party action.

[26] *Supra,* footnote 7. Under Rule 4(m), there are two categories of plaintiffs: those who have good cause for their failure to serve within 120 days after the complaint is filed, and those who do not. For plaintiffs demonstrating good cause for their failure to timely serve, they are entitled to an extension of time to serve the defendant. For plaintiffs lacking good cause, Rule 4(m) mandates the Court to either "dismiss the action without prejudice against that defendant or order that service be made within a specified time."