IN THE SUPERIOR COURT



**FILED**

February 24, 2021
SX-2019-CR-00011
TAMARA CHARLES
CLERK OF THE COURT

## SUPERIOR COURT OF THE VIRGIN ISLANDS

## DIVISION OF ST. CROIX

|  |  |
|---|---|
| **PEOPLE OF THE VIRGIN ISLANDS,**<br><br>PLAINTIFF,<br><br>V.<br><br>**JAMAL JOSEPH,**<br><br>DEFENDANT. | **Case No. SX-19-CR-011**<br><br>**Charges:**<br>**14 V.I.C. § 922(a)(1) – Murder First Degree**<br>**14 V.I.C. § 922(a)(2) – Murder First Degree**<br>**14 V.I.C. § 2253(a) – Unauthorized Possession of a Firearm During the Commission of a Crime of Violence**<br>**14 V.I.C. § 295(1) and 16 V.I.C. § 91(b)(1&2) – Assault First Degree/Domestic Violence**<br>**14 V.I.C. § 2256(a) – Possession or Sale of Ammunition**<br>**14 V.I.C. § 297(2) and 16 V.I.C. § 91(b)(1&2) – Assault Third Degree/Domestic Violence**<br>**23 V.I.C. § 479(d) – Discharging or Aiming Firearms**<br><br>**CITE AS: 2021 VI SUPER 23P** |

**Appearances:**
**Eric Chancellor, Esq.**
Department of Justice
Christiansted, U.S. Virgin Islands
*For Plaintiff*

**Yolan Brow-Ross, Esq.**
Office of the Territorial Public Defender
Kingshill, U.S. Virgin Islands
*For Defendant*

## MEMORANDUM OPINION

**WILLOCKS, Presiding Judge**

¶ 1　THIS MATTER came before the Court for a competency hearing, on February 28, 2020 and October 22, 2020, for the determination of Defendant Jamal O. Joseph's (hereinafter "Defendant") competency to stand trial.

## BACKGROUND

¶ 2    On or about January 12, 2019, Defendant was arrested in connection with the alleged shooting and killing of his brother, Allan Joseph. On or about January 25, 2019, the People of the Virgin Islands (hereinafter "People") filed an information charging Defendant with the following seven counts: Count One-Murder in the First Degree, in violation of Title 14 V.I.C. § 922(a)(1), Count Two-Murder in the First Degree, in violation of Title 14 V.I.C. § 922(a)(2), Count Three-Unauthorized Possession of a Firearm During the Commission of a Crime of Violence, in violation of Title 14 V.I.C. § 2253(a), Count Four-Assault in the First Degree/Domestic Violence, in violation of Title 14 V.I.C. § 295(1) and Title 16 V.I.C. § 91(b)(1&2), Count Five-Possession or Sale of Ammunition, in violation of Title 14 V.I.C. § 2256(a), Count Six-Assault in the Third Degree/Domestic Violence, in violation of Title 14 V.I.C. § 297 and Title 16 V.I.C. § 91(b)(1&2), and Count Seven-Discharging or Aiming a Firearm, in violation of Title 23 V.I.C. § 479(d).

¶ 3    On February 4, 2019, the defense counsel filed a motion to require a psychiatric examination and evaluation of Defendant to determine (a) "Whether he was suffering from a mental disease or defect at the time he allegedly committed the acts with which he is being charged" and (b) "Whether he is competent to stand trial for the alleged acts." (Motion to Require a Psychiatric Examination and Evaluation, p. 2) On February 22, 2019, the Court entered an order whereby the Court, inter alia, granted the defense counsel's motion to require a psychiatric examination and evaluation of Defendant, ordered that Defendant be given a psychiatric examination and evaluation by the Department of Health, Division of Mental Health, and ordered that the psychiatric test(s) given should determine whether Defendant is competent to stand trial and whether Defendant was suffering from a mental disease/defect at the time the alleged offense was committed. (Feb. 22, 2019 Order, pp. 1-2) On May 21, 2019, the defense counsel filed a

motion to submit evaluation report under seal.[1] On June 10, 2019, the defense counsel filed a

motion to file motion for competency hearing under seal.[2] Subsequently, the evaluation reports of

---

[1] The defense counsel's one-page motion to submit evaluation report under seal consisted of only two sentences:

> COMES NOW, the Defendant JAMAL O. JOSEPH and respectfully moves this Honorable Court for permission to submit the attached "Comprehensive Psychiatric Evaluation" under seal.

> WHEREFORE, Mr. Joseph prays that this Court the within request together with such other and further relief as the Court seems just and proper.

The Court must note that the defense counsel's motion to submit evaluation report under seal only referenced Dr. Evadne Sang's April 19, 2019 report, titled "Comprehensive Psychiatric Evaluation." At the time the defense counsel filed the motion to submit evaluation report under seal, Dr. Leighmin J. Lu has yet to finalize his report—which is dated October 14, 2019 and titled "Psychiatric Report." Thus, the Court will address the defense counsel's motion to submit evaluation report under seal only as to Dr. Sang's evaluation report. The Court has not previously ruled on the defense counsel's motion to submit evaluation report under seal.

> Rule 47(b) of Virgin Islands Rules of Criminal Procedure provides:

> **(b) Form and Content of a Motion and Opposition.**

> A motion or an opposition--except when made during a trial or hearing--must be in writing, unless the court permits the party to make the motion or opposition by other means. It must state the grounds on which it is based, the legal authorities upon which it relies, and the relief or order sought. It may be supported by affidavit. Any motion requesting affirmative relief should be accompanied by a proposed order for execution by the court. V.I. R. CRIM. P. 47(b).

Here, the defense counsel's motion to submit Dr. Sang's evaluation report under seal failed to state the grounds on which it is based and the legal authorities upon which it relied on, in violation of Rule 47(b) of Virgin Islands Rules of Criminal Procedure. *See also In re Catalyst Litig.*, 67 V.I. 16, n. 12 (V.I. Super. Ct. 2015) ("The Supreme Court of the Virgin Islands has established that in order for a motion to be properly before the court, parties must support their arguments by citing the proper legal authority, statute or rule."); *Antilles School, Inc. v. Lembach*, 64 V.I. 400, n. 13 (V.I. 2016) ("Members of the Virgin Islands Bar … must be cognizant of their responsibility to serve as advocates for their clients, which includes making all necessary legal arguments …"); *Joseph v. Joseph*, 2015 V.I. LEXIS 43, *5 (V.I. Super. Ct. Apr. 23, 2015) (the Court will not make a movant's arguments for him when he has failed to do so). The Court will also note that while the defense counsel moved to submit Dr. Sang's evaluation report under seal, Dr. Sang was questioned extensively regarding her evaluation report at the February 28, 2020 competency hearing, which was a public hearing. Thus, the content of Dr. Sang's evaluation report was readily made public at the February 28, 2020 competency hearing and is subject to public disclosure. As such, the Court will deny the defense counsel's motion to submit Dr. Sang's evaluation report under seal.

[2] The defense counsel's one-page motion to file motion for competency hearing under seal consisted of only two sentences:

> COMES NOW, the Defendant JAMAL O. JOSEPH and respectfully moves this Honorable Court for permission to file the attached Motion for Competency Hearing and proposed Order under seal.

> WHEREFORE, Mr. Joseph prays that this Court the within request together with such other and further relief as the Court seems just and proper.

The Court has not previously ruled on the defense counsel's motion to file motion for competency hearing under seal. Here, similar to the defense counsel's motion to submit Dr. Sang's evaluation report under seal, the defense counsel's motion to file motion for competency hearing under seal failed to state the grounds on which it is based and the legal authorities upon which it relied on, in violation of Rule 47(b) of Virgin Islands Rules of Criminal Procedure. *See supra*, footnote 1. The Court will similarly note that while the defense counsel moved to file motion for competency hearing under seal, the February 28, 2020 competency hearing was a public hearing, and the content of the hearing is

Dr. Evadne Sang and Dr. Leighmin J. Lu, both psychiatrist who have examined and treated

Defendant, were submitted under seal.[3]

¶ 4    On September 27, 2019, the Court entered an order whereby the Court, inter alia, ordered

"Winnie Testamark, Director of the Bureau of Corrections, Justa Encarnacion, Commissioner of

the Department of Health, and Venita Bicette, Director at the Division of Mental Health…appear

before this Court on October 18, 2019…to show cause why the Burau of Corrections and the

Department of Health, Division of Mental Health should not be held in contempt of Court for

violating the Court's June 20, 2019 and July 29, 2019 Orders." (Sep. 27, 2019 Order, p. 2) The

Court explained in its September 27, 2019 order:

> THIS MATTER is before the Court for Status on June 20, 2019. Mr. Joseph is
> presently in the custody of the Bureau of Corrections and has been so held since his arrest
> on January 12, 2019. At the request of defense counsel, Mr. Joseph underwent a psychiatric
> evaluation which was performed by Dr. Evadne Sang on April 9, 2019. Defense counsel
> moved for a competency hearing on June 10, 2019. In a status hearing held on June 20,
> 2019, the Court determined Dr. Sang's report to be insufficient for purposes of a
> competency hearing. Therefore, the Court ordered that another evaluation be done and
> report submitted, and scheduled the competency hearing for July 29, 2019.
>        On July 29, 2019 the parties appeared but the competency hearing could not
> proceed because Mr. Joseph had not been reevaluated. The Court ordered that the Bureau
> of Corrections must complete and submit the reevaluation within thirty (30) days. The
> Court further rescheduled the competency hearing for September 6, 2019 and ordered the
> psychiatrist responsible for the reevaluation appear on said date. On September 6, 2019,
> the parties appeared for the competency hearing. Yet again, the competency hearing could
> not proceed because Mr. Joseph had not been reevaluated. (Id., at pp. 1-2)

On February 28, 2020, this matter came before the Court for a competency hearing whereby the

People's witnesses, Dr. Sang and Dr. Lu, testified.

---

subject to public disclosure. As such, the Court will deny the defense counsel's motion to file motion for competency
hearing under seal.

[3] The defense counsel never filed a motion to submit Dr. Lu's evaluation report under seal. *See supra*, footnote 1.

¶ 5     Dr. Sang testified, inter alia, that she has seen Defendant seven or eight times and based on her examination of Defendant and Defendant's mental status examination, it is her opinion that Defendant is competent to stand trial. More specifically, Dr. Sang testified that Defendant has the ability: (i) to understand the nature of the charges pending against him, (ii) to understand the nature and purpose of the court proceeding, (iii) to understand his own position in this court proceeding as the defendant, (iv) to understand the role of his attorney and the roles of others in the courtroom like the Judge, the prosecuting attorney, and the witnesses, (v) to understand the gravity of the charges against him, (vi) to understand the possible outcome or verdict in the case, (vii) to understand his legal rights, (viii) to testify to matters relevant or irrelevant, (ix) to assist, cooperate, and advise his counsel with pertinent facts surrounding the offence and the presentation of his defense, and (x) to accept the advice of his counsel. However, Dr. Sang also testified that: (i) her report did not indicate that she made any inquiries into Defendant's ability to understand the nature of the charges, the role of the people in the courtroom like the Judge, the prosecuting attorney, his attorney, (ii) her report indicated that Defendant was fully oriented when last examined on April 9, 2019 to person, place or time but not situation, (iii) Defendant not being oriented to the situation affects his capacity to understand his legal circumstances, (iv) her report indicated that Defendant was unable to accept the fact that he is being charged with the shooting of his brother, (v) her report indicated that she believes Defendant is competent to stand trial when last examined on April 9, 2019 but Defendant could decompensate at any time, (vi) her report indicated that Defendant was unable to process what happened with his brother or any part he may have played in that, (vii) it is her diagnosis that Defendant has a dissociative disorder which to this day prevents him from grasping what happened with his brother, (viii) to this day, Defendant does not know what happened during the alleged events, (ix) given that Defendant could not recall what occurred

or what did not occur at the time of the alleged events, under those circumstances, Defendant does not have the capacity to stand trial, (x) according to her diagnostic tests, Defendant is suffering from drug induced psychosis, dissociative amnesia, and acute dissociative reaction immature personality, (xi) Defendant is still not clear with what happened at the time of the alleged events and has given several conflicting explanations, (xii) there is no treatment that can be done with respect to the amnesia, (xiii) she examined and interviewed Defendant and came to the conclusion that Defendant has the ability to assist his counsel and described her examination and interview process, (xiv) she was able to effectively communicate with Defendant in all her interviews, (xv) during her interviews with Defendant, Defendant consistently stated that he did not kill his brother, (xvi) during her third interview with Defendant, Defendant stated that it could not have been him that killed his brother because he loves his brother too much, and (xvii) during her interviews with Defendant, she did not ask Defendant specific questions regarding his understanding of the role of the court, the judge, his lawyer, and the prosecutor; however, she did ask Defendant similar questions and concluded that Defendant understands the role of the court, the judge, his lawyer, and the prosecutor.[4]

¶ 6    Dr. Lu testified, inter alia, that he has seen Defendant five times and it is his opinion that under the strict criteria[5] to determine whether a person is competent, Defendant is seventy-five to

---

[4] Dr. Sang asked Defendant about Defendant's attorney, to which Defendant responded that he talked to his attorney and that he was not going to be found guilty because he did nothing wrong and his fingerprints were not found on anything. Based on this, Dr. Sang determined that Defendant understands the role of his lawyer and the court. Dr. Sang asked Defendant about whether he thought he would be charged with anything by any attorney, to which Defendant responded no. Based on this, Dr. Sang determined that Defendant understands the role of the prosecutor.

[5] According to Dr. Lu, the strict criteria involves the person having a reasonable understanding of the factual charges against him, knowing how it happened, being able to talk about it, knowing the expected court proceeding, being able to cooperate in the courtroom.

eighty percent, or marginally, competent to stand trial, and under the loose criteria[6] to determine whether a person is competent, Defendant is competent to stand trial. More specifically, Dr. Lu testified that: (i) Defendant knows his attorney by name, (ii) Defendant did not quite understand what the competency hearing was for, (iii) Defendant was calm, lucid and coherent when Dr. Lu mentioned the competency hearing, (iv) Defendant is no longer hearing voices or unusual perception vision or that kind of psychotic symptoms, (v) his diagnosis of Defendant was that he suffered from Bipolar Type 1 with Paranoid Psychotic Feature, Substance Abuse Disorder and ruled out dissociative amnestic reaction, (vi) he agrees with Dr. Sang that Defendant suffers from dissociated amnesia but disagrees to the cause of the amnesia—Dr. Lu believes it is marijuana induced, (vii) his conclusion is that Defendant's visions and hallucinations is induced by an illness, bipolar disorder, and marijuana use aggravates the symptoms, (viii) Defendant sometimes remember talking to his brother that morning but sometimes he doesn't remember talking to his brother, that he sometimes remember talking to his brother in the car but sometimes he denies talking to his brother, that he remembers being in his yard caring for his plants when he heard skydiving people coming down from the sky, sometimes a bunch of them landed and sometimes only two to three landed, that he heard a bang, bang noise, and that sometimes he felt like someone was coming to rob him so he had to defend himself.

¶ 7     On October 22, 2020, this matter came before Court for the completion of the competency hearing. The Court heard final arguments from both parties. The defense counsel argued that case law requires a rational and factual understanding of the charges and that Defendant is under the perception that people fell from the sky, shot and killed his brother. It is also the defense counsel's

---

[6] According to Dr. Lu, the loose criteria involves the person having an understanding of what happened at the time the person was charged or arrested, knowing his counselor, and knowing the expected legal proceeding.

opinion that Defendant does not have the ability to assist her in the proceeding. The People argued that both Dr. Sang and Dr. Lu testified that Defendant may have some issues, but still found Defendant competent to stand trial. The People also argued that if Defendant can state that he did not do it, then he can assist counsel. The Court took the matter under advisement.

## STANDARD OF REVIEW

¶ 8     "[I]t is well-settled that the criminal trial of an incompetent defendant violates due process." *Government of the Virgin Islands v. Durant*, 49 V.I. 366, 376 n. 12 (V. I. 2008) (internal citation omitted). The standard for determining the mental competency of a criminal defendant is "… whether he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding — and whether he has a rational as well as factual understanding of the proceedings against him." *People of the Virgin Islands v. Joseph*, 63. V.I. 104, 110 (Super. Ct. July 21, 2015) (quoting *Dusky v. United States*, 362 U.S. 402, 402, 80 S. Ct. 788, 4 L. Ed. 2d 824 (1960)); *see also People of the Virgin Islands v. Webster*, 2019 V.I. Super. 175U, ¶ 14 (Super Ct., December 17, 2019). "In determining whether a defendant is competent to stand trial, court[s] must examine the unique circumstances of the case and decide whether the defendant (1) has the capacity to assist in her or his own defense and (2) comprehends the nature and possible consequences of a trial." *Joseph*, 63 V.I. at 110 (quoting *United States v. Brown*, 2015 U.S. Dist. LEXIS 45664, at *7-8 (E.D. Pa. Apr. 8, 2015) (citing *United States v. Jones*, 336 F.3d 245, 256 (3d Cir. 2003) (internal quotations and citations omitted)). Courts examine "the 'evidence of a defendant's irrational behavior, his demeanor at trial, and any prior medical opinion on competence to stand trial.'" *Joseph*, 63 V.I. at 110 (quoting *Brown*, 2015 U.S. Dist. LEXIS 45664, at *7-8 (quoting *Jones*, 336 F.3d at 256 and *United States v. Leggett*, 162 F.3d 237, 242 (3d Cir. 1998))).

¶ 9    The People have the burden "... of proving a defendant's competency to stand trial by a preponderance of the evidence." *Joseph*, 63 V.I. at 110 (quoting *People of the Virgin Islands v. Hyman*, 2012 V.I. LEXIS 33, at *5-6 (V.I. Super. Ct. July 30, 2012)); *see also Webster*, 2019 V.I. Super. 175U at ¶ 14. The trial judge is afforded considerable discretion in evaluating and weighing the testimony presented at the competency hearing. *Joseph*, 63 V.I. at 110; *see Brown*, 2015 U.S. Dist. LEXIS 45664, at *33-34 (the trial judge "... is in the best position to evaluate credibility of experts, is permitted to assign greater weight to some opinions over others, or altogether reject certain expert opinions") (*see, e.g., United States v. Ghane*, 490 F.3d 1036, 1040 (8th Cir. 2007) ("stating that [a] district court may rely on one of two competing competency opinions given by qualified experts") (internal citation omitted); *United States v. Mahoney*, 717 F.3d 257, 264-66 (1st Cir. 2013) ("holding that the district court did not err by relying on the testimony of one expert and its own observations rather than on the testimony of another expert.")).

## DISCUSSION

### 1.  Pre-Trial Determination of Defendant's Competency to Stand Trial

¶ 10    In applying the aforementioned standard for determining whether a criminal Defendant is competent to stand trial, the Court concludes that Defendant is not competent to stand trial.

¶ 11    First, based on the testimony of Dr. Sang and Dr. Lu, the Court finds that Defendant does not have the capacity to consult with his attorney with a reasonable degree of rational understanding or to assist in his own defense. As noted above, Dr. Sang testified that: (1) her report indicated that Defendant was fully oriented when last examined on April 9, 2019 to person, place or time but not situation and Defendant not being oriented to the situation affects his capacity to understand his legal circumstances, (2) her report indicated that Defendant was unable to process what happened with his brother or any part he may have played in that, (3) it is her diagnosis that

Defendant has a dissociative disorder which to this day prevents him from grasping what happened with his brother, (4) to this day, Defendant does not know what happened during the alleged events, and (5) Defendant is still not clear with what happened at the time of the alleged events and has given several conflicting explanations. Dr. Lu testified that Defendant sometimes remember talking to his brother that morning but sometimes he doesn't remember talking to his brother, that he sometimes remember talking to his brother in the car but sometimes he denies talking to his brother, that he remembers being in his yard caring for his plants when he heard skydiving people coming down from the sky, sometimes a bunch of them landed and sometimes only two to three landed, that he heard a bang, bang noise, and that sometimes he felt like someone was coming to rob him so he had to defend himself. Thus, the Court cannot conclude from Dr. Sang or Dr. Lu's testimony that Defendant has the capacity to consult with his attorney with a reasonable degree of rational understanding or to assist in his own defense.

¶ 12    Second, based on the testimony of Dr. Sang and Dr. Lu, the Court finds that Defendant does not have the capacity to have a factual understanding of the proceedings against him or to comprehend the nature and possible consequences of a trial. Dr. Sang testified that during her interviews with Defendant, she did not ask Defendant specific questions regarding his understanding of the role of the court, the judge, his lawyer, and the prosecutor. Instead, she asked Defendant similar questions and concluded that Defendant understands the role of the court, the judge, his lawyer, and the prosecutor.[7] However, without more, the Court is unpersuaded that just because when asked about his attorney, Defendant responded that he talked to his attorney and that he was not going to be found guilty because he did nothing wrong and his fingerprints were not

---

[7] *See supra*, footnote 4.

found on anything, it meant that Defendant understands the role of his attorney and the Court,

especially in light of Dr. Sang's testimony as a whole at the competency hearing. Similarly, without

more, the Court is unpersuaded that just because when asked about whether he thought he would

be charged with anything by any attorney, Defendant responded no, it meant that Defendant

understands the role of the prosecutor, especially in light of Dr. Sang's testimony as a whole at the

competency hearing. Dr. Lu testified that Defendant knew his attorney by name, but Defendant

did not quite understand what the competency hearing was for. Also, it is unclear whether Dr. Lu

asked Defendant specific questions regarding his understanding of the role of the court, the judge,

his lawyer, and the prosecutor. Thus, the Court cannot conclude from Dr. Sang or Dr. Lu's

testimony that Defendant understands the roles of the individuals involved in the proceedings

against him, and thereby, the Court cannot conclude that Defendant has the capacity to have a

factual understanding of the proceedings against him or to comprehend the nature and possible

consequences of a trial.

¶ 13   Third, while the People pointed out that Dr. Sang concluded that Defendant is competent

to stand trial, the People failed to mention that after questioning by the Court, Dr. Sang testified

that under the circumstances that Defendant could not recall what occurred or what did not occur

at the time of the alleged events, Defendant does not have the capacity to stand trial.

¶ 14   Finally, while the People pointed out that Dr. Lu concluded that Defendant is competent to

stand trial, the People failed to specify that Dr. Lu concluded that Defendant is only marginally

competent under the strict criteria, which involves the person having a reasonable understanding

of the factual charges against him, knowing how it happened, being able to talk about it, knowing

the expected court proceeding, being able to cooperate in the courtroom. Additionally, as noted

above, it is unclear whether Dr. Lu specifically inquired about the specific factors to determine

legal competency. In light of Dr. Sang and Dr. Lu's testimony as a whole at the competency hearing, the Court cannot conclude that Defendant is competent to strand trial.

¶ 15    Based on the foregoing, the Court concludes that the People has not met the burden of proving Defendant's competency to stand trial by a preponderance of the evidence. *See Joseph*, 63 V.I. at 110 (The trial judge is afforded considerable discretion in evaluating and weighing the testimony presented at the competency hearing); *see Brown*, 2015 U.S. Dist. LEXIS 45664, at *33-34 (the trial judge "… is in the best position to evaluate credibility of experts, is permitted to assign greater weight to some opinions over others, or altogether reject certain expert opinions").

### 2. Virgin Islands Law Regarding Pre-Trial Determination that Defendant is not Competent to Stand Trial

¶ 16    While there is no clear-cut procedure in the Virgin Islands for a criminal defendant found not competent to stand trial before trial, the Virgin Islands Supreme Court has pointed out in *Durant* that there are several substantive laws that provide for the rights of mentally incompetent persons within the Virgin Islands. *Durant*, 49 V.I. at 375 n. 9; *see also People of the Virgin Islands v. Coaker*, 2019 V.I. LEXIS 38, *8 (Super. Ct. April 4, 2019). In *Durant*, the Virgin Islands Supreme Court stated:

> Contrary to the trial court's finding, 5 V.I.C. § 3637 applies not only to persons committed to a forensic unit who have been found not guilty by reason of insanity, but also to those committed "otherwise in accordance with law." *See* 5 V.I.C. § 3637(b). Moreover, Chapter 45 of Title 19 provides for the commitment and release of "[a]ny patient held on order of a court having criminal jurisdiction in any action or proceeding arising out of a criminal offense." 19 V.I.C. § 1201(c); *see also* 19 V.I.C. § 1202 (regulating procedure regarding mentally ill prisoners). Additionally, Section 723 of Title 19 provides for the involuntary commitment of mentally disturbed, alcoholic and drug dependent persons. *Durant*, 49 V.I. at 375 n. 9.

The Court will take guidance from *Durant* and address the various provisions of the Virgin Islands Codes mentioned therein.

### A.  Title 5 V.I.C. § 3637

¶ 17    Title 5 V.I.C. § 3637 is titled "Mental illness of the defendant." Title 5 V.I.C. § 3637(a)[8]

provides for a defendant who has been found not guilty on the ground of mental illness to be

committed to a forensic unit for custody and does not provide a procedure for a defendant found

not competent to stand trial before trial. However, as the Virgin Islands Supreme Court pointed

out in *Durant*, Title 5 V.I.C. § 3637(b) applies to persons committed to a forensic unit "otherwise

in accordance with law."[9] *Durant*, 49 V.I. at 375 n. 9; *see also Coaker*, 2019 V.I. LEXIS 38 at *9

("Therefore, the Court finds that Title 5 V.I.C. § 3637(b) contemplates that persons may be

confined in a forensic unit for reasons other than having been found not guilty by reason of mental

---

[8] Title 5 V.I.C. § 3637(a) provides:

> (a) If the defense is the mental illness of the Defendant, the jury shall be instructed, if they find him not guilty on that ground, to state that fact in their verdict, and the court shall thereupon commit the Defendant to a forensic unit for custody, care and treatment from which he shall not be discharged until the court is satisfied that he has regained his capacity for judgment, discretion and control of the conduct of his affairs and social relations. If no forensic unit exists in the Territory, the Defendant shall remain in the custody of the Bureau of Corrections to be treated by the appropriate physicians until the necessary arrangements to transfer the Defendant to a forensic unit outside of the territory. Title 5 V.I.C. § 3637(a).

[9] Title 5 V.I.C. § 3637(b) provides:

> (b) **Where any person has been confined in a forensic unit** pursuant to the provisions of subsection (a) of this section **or otherwise in accordance with law**, and the superintendent or head of such forensic unit certifies (1) that such person has regained his capacity for judgment, discretion and control of the conduct of his affairs and social relations, (2) that, in the opinion of the superintendent or head, such person will not in the reasonable future be dangerous to himself or others, and (3) in the opinion of the superintendent or head, the person is entitled to discharge from the forensic unit, and such certificate is filed with the clerk of the court in which the person was tried, and a copy thereof served on the United States attorney, such certificate shall be sufficient to authorize the court to order the discharge of the person so confined from further hospitalization; but the court in its discretion may, or upon objection of the United States attorney shall, after due notice, hold a hearing at which evidence as to mental condition of the person so confined may be submitted, including the testimony of one or more psychiatrists from said forensic unit. Evidence may be submitted upon deposition or interrogatories in the case of any forensic unit located more than 100 miles from the Virgin Islands. The court shall weigh the evidence and, if the court finds that such person has regained his capacity for judgment, discretion and control of the conduct of his affairs and social relations and will not in the reasonable future be dangerous to himself or others, the court shall order such person discharged from further confinement in said forensic unit. If the court does not so find, the court shall order such person returned to said forensic unit. Title 5 V.I.C. § 3637(b) (emphasis added).

illness.") (citing *Durant*, 49 V.I. at 375 n. 9). Thus, the Court finds Title 5 V.I.C. § 3637(b) applicable in this instance.

### B. Title 19 V.I.C. § 1201

¶ 18    Title 19 V.I.C. § 1201 is titled "Discharge of Patients." Title 19 V.I.C. § 1201(c) provides that "[a]ny patient held on order of a court having criminal jurisdiction in any action or proceeding arising out of a criminal offense, may be discharged only by order of the district court." Title 19 V.I.C. § 1201(c). In this instance, Title 19 V.I.C. § 1201(c) is not applicable because it provides the Court with the authority to discharge not the authority to commit. *See People of the Virgin Islands v. Parrilla*, 58 V.I. 148, 163 (Super. Ct. May 28, 2013) ("The Court found that 'section [1201] only provides the Court with the authority to release, rather than commit, an individual.") (*quoting People of the Virgin Islands v. Richardson*, 52 V.I. 211, 216 (Super. Ct. Dec. 23, 2009)).

### C. Title 19 V.I.C. § 1202

¶ 19    Title 19 V.I.C. § 1202 is titled "Procedure regarding mentally ill prisoners" and provides that "[w]hen a prisoner eligible for discharge from the penitentiary or during his term of incarceration is alleged by the Commissioner of Public Safety to be mentally ill, and it shall be adjudged in accordance with the provisions of this chapter by the district court that such prisoner is mentally ill, he shall be conveyed to the mental hospital by the Commissioner of Public Safety or under his direction." In this instance, Title 19 V.I.C. § 1202 is not applicable because Defendant is not a prisoner that have been adjudged to be mentally ill while serving his sentence. More specifically, Defendant is a detainee currently held in pre-trial detention and found not competent to stand trial before trial; Defendant has not been tried and is not currently serving his term of incarceration.

### D. Title 19 V.I.C. § 723

¶ 20    Title 19 V.I.C. § 723 is titled "Involuntary commitment of mentally disturbed, alcoholic and drug dependent persons" and allows "spouse or guardian, a relative, the certifying physician, behavioral health professional or the Administrator in charge of any approved public treatment facility" to petition a court for the involuntary commitment of a person to the custody of the Department of Health. Title 19 V.I.C. § 723(a). Title 19 V.I.C. § 723 requires the petition to "allege that the person is mentally disturbed or an alcoholic or drug dependent person who habitually lacks self-control due to his disturbed condition or to the use of alcoholic beverages or drugs and that he (1) has threatened, attempted, or inflicted physical harm on himself or another and that unless committed is likely to inflict physical harm on another; or (2) is incapacitated by alcohol or drugs or in need of help and treatment" and the court must find that "the grounds for involuntary commitment have been established by clear and convincing proof" before committing the person to the Department of Health. Title 19 V.I.C. § 723(a)&(d). "A person committed under this section shall remain in the custody of the Department of Health for treatment for either a time certain established by the court or for an indefinite period, in which latter case the person's commitment shall be subjected to close periodic judicial scrutiny designed to protect said person from prolonged and unnecessary commitment." Title 19 V.I.C. § 723(e) While Title 19 V.I.C. § 723 does not specifically address a person in Defendant's situation, it may arguably be applicable in this instance. However, regardless of whether Title 19 V.I.C. § 723 is applicable, the Court notes that Title 19 V.I.C. § 723 does not provide the Court with the authority to *sua sponte* order the involuntary commitment of Defendant; Title 19 V.I.C. § 723 requires one of the enumerated individuals to petition the Court before Defendant may be involuntary committed.

## CONCLUSION

¶ 21    Based on the foregoing, the Court finds Title 5 V.I.C. § 3637(b) applicable in this instance, Title 19 V.I.C. § 1201 and Title 19 V.I.C. § 1202 not applicable in this instance, and Title 19 V.I.C. § 723 does not provide the Court with the authority to *sua sponte* order the involuntary commitment of Defendant. As such, the Court will order Defendant to be confined to a forensic unit until he is competent to stand trial. The Court will further order the superintendent or head of the forensic unit to provide annual report to the Court addressing the following: (i) whether Defendant has regained his capacity for judgment, discretion and control of the conduct of his affairs and social relations, (2) whether, in the opinion of the superintendent or head, such person will in the reasonable future be dangerous to himself or others, and (3) whether, in the opinion of the superintendent or head, the person is entitled to discharge from the forensic unit, and such reports shall be filed with the Court with a copy thereof served on Virgin Islands Department of Justice. Title 5 V.I.C. § 3637(b). "If no forensic unit exists in the Territory, the Defendant shall remain in the custody of the Bureau of Corrections to be treated by the appropriate physicians until the necessary arrangements to transfer the Defendant to a forensic unit outside of the territory." Title 5 V.I.C. § 3637(a). Thereafter, pursuant to Rule 12.2(c) of Virgin Islands Rules of Criminal Procedure, upon the motion of the prosecutor or upon the Court's own initiative, the Court may "order the Defendant to submit to one or more mental examinations by a psychiatrist or other expert designated for this purpose in the order of the court" to determine if Defendant has regained his competency to stand trial. V.I. R. Crim. P. 12.2(c). Defendant may only be discharged by order of the Court. Title 19 V.I.C. § 1201(c) ("Any patient held on order of a court having criminal jurisdiction in any action or proceeding arising out of a criminal offense, may be discharged only

by order of the district court."). An order consistent with this Memorandum Opinion will be entered contemporaneously herewith.

**DONE this** 24th **day of February, 2021.**

HAROLD W.L. WILLOCKS
**Presiding Judge of the Superior Court**

|  |  |
|---|---|
| PEOPLE OF THE VIRGIN ISLANDS,<br><br>PLAINTIFF,<br><br>v.<br><br>JAMAL JOSEPH,<br><br>DEFENDANT. | Case No. SX-19-CV-011<br><br>Charges:<br>14 V.I.C. § 922(a)(1) – Murder First Degree<br>14 V.I.C. § 922(a)(2) – Murder First Degree<br>14 V.I.C. § 2253(a) – Unauthorized Possession of a Firearm During the Commission of a Crime of Violence<br>14 V.I.C. § 295(1) and 16 V.I.C. § 91(b)(1&2) – Assault First Degree/Domestic Violence<br>14 V.I.C. § 2256(a) – Possession or Sale of Ammunition<br>14 V.I.C. § 297(2) and 16 V.I.C. § 91(b)(1&2) – Assault Third Degree/Domestic Violence<br>23 V.I.C. § 479(d) – Discharging or Aiming Firearms<br><br>CITE AS: 2021 VI SUPER 23P |

Appearances:
**Eric Chancellor, Esq.**
Department of Justice
Christiansted, U.S. Virgin Islands
*For Plaintiff*

**Yolan Brow-Ross, Esq.**
Office of the Territorial Public Defender
Kingshill, U.S. Virgin Islands
*For Defendant*

## ORDER

**WILLOCKS, Presiding Judge**

In accordance with the Memorandum Opinion entered contemporaneously herewith, it is hereby:

**ORDERED** that Defendant shall be confined to a forensic unit until he is competent to stand trial. If no forensic unit exists in the Territory, Defendant shall remain in the custody of the

Bureau of Corrections to be treated by the appropriate physicians until the necessary arrangements to transfer the defendant to a forensic unit outside of the Territory, **but for no more than sixty (60) days from the date of entry of this Order**. It is further:

**ORDERED** that Defendant shall only be discharged by order of the Court. It is further:

**ORDERED** that the superintendent or head of the forensic unit shall provide annual report to the Court addressing the following: (i) whether Defendant has regained his capacity for judgment, discretion and control of the conduct of his affairs and social relations, (2) whether, in the opinion of the superintendent or head, such person will in the reasonable future be dangerous to himself or others, and (3) whether, in the opinion of the superintendent or head, the person is entitled to discharge from the forensic unit. Such reports shall be filed with the Court between the period of January 1st through January 31st of each year, commencing in 2022, with a copy thereof served contemporaneously on Virgin Islands Department of Justice. It is further:

**ORDERED** that a status conference is scheduled to take place **in person on March 26, 2021 at 9:00 a.m. in Courtroom 206**. It is further:

**ORDERED** that Defendant's motion to submit Dr. Evadne Sang's evaluation report under seal is **DENIED**.

**ORDERED** that Defendant's motion to file motion for competency hearing under seal is **DENIED**.

**DONE and so ORDERED this** 24th **day of February, 2021.**

_____
HAROLD W.L. WILLOCKS
**Presiding Judge of the Superior Court**