IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS



**FILED**
May 13, 2021
SX-2019-CV-00061
TAMARA CHARLES
CLERK OF THE COURT

# SUPERIOR COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

PATRICK KRALIK,

PLAINTIFF,

v.

OSAGE STX HOLDINGS, LLC AND
CHRISTIANSTED RESTORATION
CORPORATION,

DEFENDANTS.

Civil No. SX-19-CV-61

ACTION FOR DAMAGES

JURY TRIAL DEMANDED

CITE AS: 2021 VI SUPER 49U

**Appearances:**
**Lee J. Rohn, Esq.**
Lee J. Rohn and Associates, LLC
Christiansted, U.S. Virgin Islands
*For Plaintiff*

**Eric A. Hiller, Esq.**
**Justin King, Esq.**
Clyde & Co US LLP
Miami, Florida
*For Defendant Osage STX Holdings, LLC*

**Douglas L. Capdeville, Esq.**
Law Offices of Douglas L. Capdeville, P.C.
Christiansted, U.S. Virgin Islands
*For Defendant Christiansted Restoration Corporation*

## MEMORANDUM OPINION AND ORDER

**WILLOCKS, Presiding Judge**

¶ 1 **THIS MATTER** came before the Court on Plaintiff Patrick Kralik's (hereinafter "Plaintiff") renewed motion for entry of protective order," filed on February 19, 2021. Thereafter, Defendant Osage STX Holdings, LLC (hereinafter "Osage" or "Defendant") filed an opposition and Plaintiff filed a reply thereto. To date, Defendant Christiansted Restoration Corporation (hereinafter "CRC") has not filed anything in response to Plaintiff's instant motion.

## BACKGROUND

¶ 2    On February 19, 2019, Plaintiff filed a complaint against Osage in connection with an incident that occurred on or about September 2, 2018. On September 1, 2020, Plaintiff filed a motion to amend the complaint to add CRC as a defendant in this matter, which the Court subsequently granted and deemed Plaintiff's first amended complaint filed on November 5, 2020. On December 28, 2020, Plaintiff filed a motion to amend the complaint to correct scriber errors, which the Court subsequently granted and deemed Plaintiff's second amended complaint filed on February 16, 2021. The second amended complaint included the following causes of action: Count I-negligent failure to protect (against both defendants), Count II-negligent failure to render aid (against both defendants), and Count III-negligence (against both defendants).

¶ 3    On January 13, 2020, Osage filed a motion to compel Plaintiff to execute discovery authorizations[1] (hereinafter "First Motion to Compel"). An opposition and a reply were filed thereafter. On March 17, 2020, Osage filed another motion to compel discovery and compel Plaintiff to execute discovery authorizations[2] (hereinafter "Second Motion to Compel"). An opposition and a reply were filed thereafter.

¶ 4    On March 18, 2020, Plaintiff filed a motion for the Court to enter a proposed confidentiality order (hereinafter "Motion for Confidentiality Order"). Subsequently, on June 22, 2020, the Court signed a memorandum opinion and order (hereinafter "June 22, 2020 Order")[3] whereby the Court granted Osage's First Motion to Compel and Second Motion to Compel, ordered that "Defendant

---

[1] Osage requested Plaintiff to execute discovery authorizations for medical records, insurance records, income tax records, unemployment and workmen's compensation records, and criminal records to discover information pertaining thereto.

[2] The discovery authorizations requested in the Second Motion to Compel were the same discovery authorizations previously requested.

[3] The June 22, 2020 Order was entered on June 23, 2020.

is entitled to costs and fees, including attorney fees, incurred in filing and support of these two

motions," ordered that "Plaintiff provide the [Osage] with the properly executed releases within

FIVE (5) DAYS. Delay in delivering the releases will incur sanctions in the amount of five hundred

dollars ($500 00) per each day of noncompliance with this Order," and ordered that "Plaintiff will

supplement discovery as indicated in the text of this document within FOURTEEN (14) DAYS."

(June 22, 2020 Order, p. 6) On July 6, 2020, Plaintiff filed a motion for reconsideration of the

Court's June 22, 2020 Order.[4] On January 11, 2021, the Court found Plaintiff's motion for the

Court to enter a proposed confidentiality order deficient and not properly before the Court, and

thereby denied said motion.[5] On January 13, 2021, the Court entered an order whereby the Court

---

[4] In his motion for reconsideration, Plaintiff argued that "[r]econsideration is required here because the Court's June 22, 2020 Order contains factual errors that led to the improper imposition of sanctions" and requested the Court to "rescind its order for costs and fees and a fine of $500.00 a day." (Motion for Reconsideration, pp. 1, 3) Plaintiff made the following assertions in support of his motion: (i) "[I]n the first paragraph of the order, it indicted that Plaintiff filed an additional Motion to Compel Discovery, and authorizations on March 17, 2020. That is in error. It was Defendant who filed the duplicative motion." (Id., at p. 1); (ii) "The Court then assumes that [Defendant filed its Second Motion to Compel] because the authorizations were not produced, but as Plaintiff pointed out, and the Court has in its file, Plaintiff produced the authorizations (3) three days after their receipt on January 16, 2020." (Id., at p. 2) (emphasis omitted); (iii) "The Court's Order also incorrectly stated that Plaintiff conditioned the authorizations on the signing of a Confidentiality Agreement, which was not provided until February 28, 2020. As can be seen from Exhibit "1", there was no such condition on the authorizations." (Id.) (emphasis omitted); and (iv) "[E]xcept for the Criminal Authorizations, Defendant has had authorizations fully executed since January 16, 2020. The Court's statement that these are typical authorizations in all personal injury cases is true, but for the Criminal Authorization, which usually requires some knowledge of prior criminal conduct before being required. Nonetheless, the undersigned has provided that authorization." (Id.) Plaintiff also requested the Court to "rescind its order that Plaintiff produce tax returns for ten (10) years within 14-days" because "Plaintiff does not have possession of additional tax returns and couldn't possibly get them within fourteen (14) days given the current COVID pandemic and delays at the IRB" and "Plaintiff has given Defendant a tax authorization, and Defendant can acquire these records from the IRB." (Id., at pp. 2-3)

[5] The January 11, 2021 order provides, in relevant part:

> Plaintiff's one-page motion is devoid of any binding authority or any legal basis to support his argument for the Court to enter a confidentiality order. Rule 11 of Virgin Islands Rules of Civil Procedure provides that "[b]y presenting to the court a pleading, written motion, or other paper — whether by signing, filing, submitting, or later advocating it — an attorney or self-represented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:... (5) that the applicable Virgin Islands law has been cited, including authority for and against the positions being advocated by the party." V.I. R. CIV. P. 11(b)(5). *See also, In re Catalyst Litig.*, 67 V.I. 16, n. 12 (V.I. Super. Ct. 2015) ("The Supreme Court of the Virgin Islands has established that in order for a motion to be properly before the court, parties must support their arguments by citing the proper legal authority, statute or rule."); *Antilles School, Inc. v. Lembach*, 64 V.I. 400, n. 13 (V.I. 2016) ("Members of the Virgin Islands Bar ... must be cognizant of their responsibility to serve as advocates for their clients, which includes making all

denied Plaintiff's motion for reconsideration.[6] On February 19, 2021, Plaintiff filed this instant

renewed motion for entry of protective order.

---

necessary legal arguments ..."); *Simpson v. Golden*, 56 V.I. 272, 280 (V.I. 2012) ("The rules that require a litigant to brief and support his arguments ... before the Superior Court, are not mere formalistic requirements. They exist to give the Superior Court the opportunity to consider, review, and address an argument"). "It is not the Court's job to research and construct legal arguments open to parties ... In order to develop a legal argument effectively, the facts at issue must be bolstered by relevant legal authority; a perfunctory and undeveloped assertion is inadequate." *V.I. Taxi Association v. West Indian Company, Limited*, 2016 V.I. LEXIS 170, *4 (Super. Ct. Oct. 18, 2016) (citing *Charles v. CBI Acquisitions, LLC*, 2016 V.I. LEXIS 62, *27 n. 66); *see also, Joseph v. Joseph*, 2015 V.I. LEXIS 43, *5 (Super. Ct. Apr. 23, 2015) (the Court will not make a movant's arguments for him when he has failed to do so). As such, Plaintiff's deficient motion is not properly before the Court and it will be denied. *See V.I. Taxi Association*, 2016 V.I. LEXIS 170 at *4 (the Court found that the plaintiff's motions were not properly before the Court because they were "devoid of any legal basis to support its propositions" and therefore, denied both motions).

[6] The January 13, 2021 order provides, in relevant part:

As noted above, a proper Rule 6-4 motion must rely on one of four grounds: (1) intervening change in controlling law; (2) availability of new evidence; (3) the need to correct clear error of law; or (4) failure of the court to address an issue specifically raised prior to the court's ruling." V.I. R. CIV. P. 6-4(b). In his motion, Plaintiff argued that "[r]econsideration is required here because the Court's June 22, 2020] Order contains factual errors." However, the language of Rule 6-4 clearly only provides four grounds for reconsideration and "factual errors" is not one of the four grounds. The Court finds the pertinent language of Rule 6-4 plain and unambiguous, and thereby the Court will give effect to the plain words of the rule. *See Banks of N.S. v. Dore*, 57 V.I. 105, 113-14 (Super. Ct. Oct. 19, 2012) (citing *Corraspe v. People*, 53 V.I. 470, 480-481 (V.I. 2010) ("The rules of this Court are applied using the same standards which govern the construction of statutes" and "the primary objective of the trial court is to give effect to plain words utilized in the subject rule."); *People v. Rivera*, 54 V.I. 116, 125 (Super. Ct. 2010) ("The procedural rules of courts are construed in accordance with the canons of statutory construction."); *In re People*, 49 V.I. 297, 306 (V.I. 2007)) ("We believe the pertinent language is plain and unambiguous, thereby dispensing with a resort to the canons of construction."). As such, Plaintiff's motion, though timely filed, failed to raise an adequate ground under Rule 6-4 for this Court to reconsider its June 22, 2020 Order and the Court will deny Plaintiff's motion.[6]

The Court must point out that the factual errors alleged by Plaintiff are either harmless error, or Plaintiff's misconstruction of the June 22, 2020 Order, or an argument that should have been raised previously but was not. First, Plaintiff asserted that the June 22, 2020 erroneously indicated that Plaintiff instead of Defendant filed the Second Motion to Compel. While the Court inadvertently stated that Plaintiff instead of Defendant filed the Second Motion to Compel on the first page of the June 22, 2020 Order, the Court correctly stated that Defendant, not Plaintiff, filed the Second Motion to Compel on the second page and the sixth page of the June 22, 2020 Order.[7] Thus, the scrivener's error on the first page was harmless. Second, Plaintiff asserted that the Court incorrectly assumed in the June 22, 2020 Order that Defendant filed the Second Motion to Compel because the authorizations were not produced, when Plaintiff had already produced the authorizations on January 16, 2020, three days after Defendant filed the First Motion to Compel. Plaintiff never indicated in her motion where such an assumption was made by the Court. Unlike what Plaintiff asserted, the Court did not assume nor make such a finding that Defendant filed the Second Motion to Compel because the authorizations were not produced. In the June 22, 2020 Order, the Court acknowledged that the parties' positions in their respective filings—to wit, Plaintiff's opposition to Defendant's First Motion to Compel indicated that Defendant sent Plaintiff revised release forms and that the issue was moot, Defendant's Second Motion to Compel indicated that "Plaintiff decided to execute the releases subject to a confidentiality agreement, but the agreement was not provided to the Defendant until February 28, 2020."[8] Thus, there is no error as alleged by Plaintiff. Third, Plaintiff asserted that the Court incorrectly stated that

"Plaintiff conditioned the authorizations on the signing of a Confidentiality Agreement, which was not provided until February 28, 2020." Again, unlike what Plaintiff asserted, the Court did not assume nor make such a finding that "Plaintiff conditioned the authorizations on the signing of a Confidentiality Agreement, which was not provided until February 28, 2020." In the June 22, 2020 Order, the Court acknowledged that Defendant, in its Second Motion to Compel, indicated that "Plaintiff decided to execute the releases subject to a confidentiality agreement, but the agreement was not provided to the Defendant until February 28, 2020."[9] Thus, there is no error as alleged by Plaintiff. Finally, Plaintiff asserted that "[t]he Court's statement that these are typical authorizations in all personal injury cases is true, but for the Criminal Authorization, which usually requires some knowledge of prior criminal conduct before being required." It appears that Plaintiff is claiming that the Court incorrectly stated that these are typical authorizations because the criminal authorization is not.[10] However, this is an argument that could have been raised before but was not. More specifically, Plaintiff had two opportunities to raise her argument regarding the criminal authorization—in his opposition to Defendant's First Motion to Compel[11] and in his opposition to Defendant's Second Motion to Compel[12]—and Plaintiff chose not to. The Court will not let Plaintiff relitigate the issue now. As noted above, a motion for reconsideration "[i]s not a vehicle for registering disagreement with the court's initial decision, for rearguing matters already addressed by the court, or for raising arguments that could have been raised before but were not." *Worldwide Flight Services,* 51 V.I. at 110.

---

[6] In his motion, Plaintiff requested the Court to "rescind its order that Plaintiff produce tax returns for ten (10) years within 14-days." However, the June 22, 2020 Order never ordered Plaintiff produce tax returns for ten (10) years within 14-days. Instead, the June 22, 2020 Order ordered Plaintiff to supplement discovery within fourteen days. Thus, even if "Plaintiff does not have possession of additional tax returns and couldn't possibly get them within fourteen (14) days given the current COVID pandemic and delays at the IRB" as claimed by Plaintiff, Plaintiff could still supplement his discovery responses pursuant Virgin Islands Rules of Civil Procedure. Defendant claimed in its opposition that Plaintiff has not supplemented his discovery responses and thereby, Plaintiff is still not compliant with the Court's June 22, 2020 Order. Plaintiff never filed a reply to dispute Defendant's claim.

[7] Page two of the June 22, 2020 Order provides, in relevant part, "The Defendant's Second Motion was filed more than a month after the Opposition and Reply were filed." (June 22, 2020 Order, p. 2)

[8] The June 22, 2020 Order provides, in relevant part:

> **In the very brief opposition, Plaintiff's counsel argues that this matter is moot because Defendant's counsel sent the release forms again properly modified—on January 13, 2020 and the Plaintiff has been asked to go to counsel's office to sign them.** (Opp'n 1.) The releases will reportedly be sent out within thirty days, as per the request for production that they accompanied. (Id) In the Reply, the Defendant argues that the Plaintiff is still attempting to delay and that waiting an additional thirty days is unreasonable (Reply, 1-3)
>
> The Defendant's Second Motion was filed more than a month alter the Opposition and Reply were filed. Therein Defendant's counsel again asserts that Plaintiff's counsel is 'stonewalling discovery' and refusing to confer (Second Mot. 1.) **According to the Defendant, the Plaintiff decided to execute the releases subject to a confidentiality agreement, but the agreement was not provided to the Defendant until February 28, 2020.** (Id., at 3.) On March 3, 2020, the Defendant informed the Plaintiff that it intends to proceed with these motions rather than sign the confidentiality agreement. (Id) This was after multiple attempts to set up a time to meet and confer between January and the end of February. (Id) On February 27, 2020 at an agreed upon time Defendant's counsel called Plaintiff's counsel to confer and was told they would have to reschedule due to unavailability. (Id., at 4) The Defendant asserts that the Plaintiff has failed to act in good faith. (Id.) (June 22, 2020 Order, pp. 2-3) (emphasis added)

[9] *See supra,* note 6.

[10] The June 22, 2020 Order provides, in relevant part:

## STANDARD OF REVIEW

¶ 5    Motions for protective orders are governed Rule 26(c) of Virgin Islands Rule of Civil

Procedure (hereinafter "Rule 26(c)"). Rule 26(c)(1) provides:

(1) *In General.* A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending -- or as an alternative on matters relating to a deposition, in the court where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

(A) forbidding the disclosure or discovery;
(B) specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery;
(C) prescribing a discovery method other than the one selected by the party seeking discovery;
(D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;
(E) designating the persons who may be present while the discovery is conducted;
(F) requiring that a deposition be sealed and opened only on court order;
(G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and
(H) requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.

V.I. R. Civ. P. 26(c)(1).

---

The Court agrees with the Defendant that Plaintiff's counsel is stalling. Not only are these releases standard for personal injury and discoverable, but Defendant's counsel even edited them to include language requested by Plaintiff's counsel...

[11] Defendant's First Motion to Compel requested "an order compelling plaintiff to execute authorizations to disclose medical information, insurance information, income tax records, unemployment and workmen's compensation records, and **criminal records**." (First Motion to Compel, p. 5) (emphasis added)

[12] Defendant's Second Motion to Compel requested "an order compelling plaintiff to execute authorizations to disclose medical information, insurance information, income tax records, unemployment and workmen's compensation records, and **criminal records**." (Second Motion to Compel, p. 8) (emphasis added)

## DISCUSSION

¶ 6    In his motion, Plaintiff argued that the Court should grant his motion for an entry of "a [p]rotective [o]rder restricting the dissemination and/or access of his confidential information, including, but not limited to, his tax returns, medical records, and other information that is generally confidential, pursuant to Rule 26(c)(1)(G)."[7] (Motion, p. 6) Plaintiff made the following assertions in support of his argument: (i) "[T]he information should be treated as confidential, not unnecessarily disseminated and not filed of record without being sealed." (Id., at p. 3); (ii) "While Rule 26(c) places the burden of persuasion on the party seeking the protective order, the burden can be overcome by a showing of good cause showing a need for protection."[8] (Id., at p. 4); (iii) "'Good cause' is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure. The injury must be shown with specificity."[9] (Id.); (iv) "The good cause determination must balance the public's interest in the information against the injuries that the disclosure would cause."[10] (Id.); (v) "It is common for medical records, tax returns, and

---

[7] In his motion, Plaintiff noted that he had previously filed a motion for protective order and thus, Plaintiff should not have been sanctioned for failure to answer discovery requests. More specifically, Plaintiff provided:

> Plaintiff previously filed a "Motion for Confidentiality Order" on March 18, 2020. Given that a request for a confidentiality order or protective order are the same, this motion is essentially a renewed motion for confidentiality order with the technically appropriate language from V.I.R. Civ. P. Rule 26.

(Motion, p. 1 n. 1)

> Notably, V.I.R. Civ. P. Rule 37(d)(2) prohibits the entry of sanctions against a party refusing to answer discovery requests when a motion for protective/confidentiality order is pending. However, Plaintiff concedes the oversight in failing to reference this statute in his Motion to Reconsider Court's Order of June 22, 2020. *See Mahoney v. L.S. Holdings, Inc.*, ("Generally, the failure to respond and produce information or documents called for in discovery "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c).").

(Id., at p. 2 n. 2)

[8] Plaintiff referenced: *Bryan v. U.S.*, 2012 WL 5350376, at *3 (D.V.I. Oct. 30, 2012) (granting a protective order which deemed documents confidential).

[9] Plaintiff referenced: *Id.*

[10] Plaintiff referenced: *Id.*

personal financial information to be deemed confidential."[11] (Id., at pp. 4-5); (vi) "Although it is necessary in personal injury actions to produce medical records, the medical records should be deemed confidential."[12] (Id., at p. 5); (vii) "Tax returns are not necessarily required to be produced, but if the documents are produced, should be deemed confidential."[13] (Id.); (viii) "The Virgin Islands Superior Court 'recognizes that tax returns are traditionally considered confidential documents and that there are a variety of laws protecting the disclosure of non-public personal financial information."[14] (Id., at pp. 5-6); (ix) "Given the strong public policies favoring a protective order deeming medical records, tax returns, and private financial information as confidential, Plaintiff has shown good cause for the need for a protective order." (Id., at p. 6); (x) "When balancing the strong public policy of confidentiality of such records against the public's interest in the information, the balances weigh almost completely in favor of protection of the documents." (Id.); and (xi) "There is no public interest in the access or dissemination of Plaintiff's medical records, tax returns, or private financial information." (Id.).

¶ 7    In its opposition, Osage argued that Plaintiff's motion should be denied because despite being styled as a "renewed motion," Plaintiff's motion is really a motion for reconsideration and Plaintiff is not entitled to such extraordinary remedy (Opp., p. 1-2) Osage made the following assertions in support of its argument: (i) "Even if...this Court decides to consider the merits of plaintiff's motion (which it should not) plaintiff has failed to demonstrate what information is

---

[11] Plaintiff referenced: *Wallace v. Corp.*, 2009 WL 587283, at *2 (D.V.I. June 5, 2009) (providing there is a strong policy in favor of protecting the privacy of patient medical records); *Arvidson v. Buchar*, 2018 WL 10613032, at *9 (V.I. Super. June 6, 2018); 45 C.F.R. § 164.512; *Abdallah v. Abdel-Rahman*, 2016 WL 5394759, at *3 (V.I. Super. Sep. 23, 2016) (recognizing tax returns and non-public personal financial information are considered confidential).

[12] Plaintiff referenced: *Mahoney v. L.S. Holdings, Inc.*, 2013 WL 12314888, at *2 (D.V.I. Aug. 6, 2013).

[13] Plaintiff referenced: *Mahoney*, at *3.

[14] Plaintiff referenced: *Abdallah*, 2016 WL 5394759.

privileged or confidential" and "[t]here is simply no basis for entry of a confidentiality order where, as here, plaintiff has put his medical history and income at issue." (Id., at p. 2); (ii) "Plaintiff does not get a 'second bite of the apple'" by filing a "'second motion with the hindsight of the Court's analysis' raising previously unpresented arguments, that 'should have been raised in the first set of motions.'" (Id.); (iii) Plaintiff failed to argue any of the enumerated factors set forth in Rule 6-4 of the Virgin Islands Rules of Civil Procedure. (Id., at p. 3); (iv) "Plaintiff's contention that all discovery is 'confidential' flies directly in the face of Rule 26(b)(1) which explains that '[p]arties may obtain discovery regarding any nonprivileged matter.'" (Id.); (v) "Plaintiff's unemployment, workmen's compensation, medical, and insurance records are not confidential." (Id.); (vi) "In this territory, where a party's physical condition is a factor or element of the party's claims, no patient-physician privilege exists, pursuant to 5 V.I.C. § 855 [sic]."[15] (Id., at pp. 3-4); (vii) "The same applies with respect to the production of tax returns where the parties are, as here, conducting discovery on damages."[16] (Id., at p. 4); (viii) The proposed protective order "is not only unwarranted, but it is unconscionably broad"—to wit, "It gives plaintiff the unfettered right to 'designate any information (regardless of form) which is produced or furnished' to be confidential." (Id.); (ix) "[A] confidentiality order in this case would be totally impractical and would overburden the Court and the parties" because "[i]f all discovery was deemed confidential, including the medical history upon which plaintiff seeks recourse, it would inevitably result in this Court getting bogged down with the 'in camera' inspections contemplated by paragraphs 6 and 7 of the Proposed Order." (Id., at p. 5); (x) "It would needlessly result in countless hours redacting

---

[15] Osage referenced: *Aubain v. Kazi Foods of the VI Inc.*, 2013 WL 3155804, at *1 (V.I. Super. June 14, 2013).

[16] Osage referenced: *Mahoney*, 2013 WL 12314888, at *2.

information that is not otherwise confidential, slow down discovery, and skirt the good faith conferral requirements already provided by the Rules." (Id.); (xi) The proposed protective order is "defective" because it requires the parties to self-seal in violation of the Virgin Islands Rules of Civil Procedure. (Id., at pp. 5-6); (xii) "Any alleged 'privacy' is already protected under [Rule 5.2 and Rule 26(c) of the] Virgin Islands Rules of Civil Procedure."—to wit, "[w]here, Rule 5.2 gives litigants 'Privacy Protection for Filings Made with the Court' including what information is to be redacted, Rule 26(c) gives him an opportunity to move for a protective order after he has 'conferred or attempted to confer' to resolve the dispute." (Id., at p. 5 n. 3); and (xiii) "Even when stipulated by adverse parties, the Court must weight any interests in confidentiality against that of the public to open court records."[17] (Id., at p. 6)

¶ 8     In his reply, Plaintiff again argued that the Court should grant Plaintiff's motion for entry of a protective order. Plaintiff made the following assertions in support of his argument: (i) "Plaintiff's Motion is a renewed motion and not a motion for reconsideration." (Reply, p. 2); (ii) "This Court did not address the merits of Plaintiff's prior motion and denied it because Plaintiff failed to cite legal authority" and "[i]n his renewed motion, Plaintiff has cited substantial legal authority in order to prevent the manifest injustice of having his confidential information available for public dissemination."[18] (Id., at pp. 2-3); (iii) "Defendant incorrectly acts as though Plaintiff refuses to produce his medical records, tax returns and personal financial information." (Id., at p. 3); (iv) "Plaintiff concedes that 'it is necessary in personal injury actions to produce medical records,' but that 'the medical recorded should be deemed confidential" and "[i]n fact, Plaintiff

---

[17] Osage referenced: *Newton v. Hess Oil Virgin Islands Corp.*, 2018 WL 1913836, at *5 (V.I. Super. Apr. 23, 2018).

[18] Plaintiff referenced: *People v. Hatcher*, 68 V.I. 362, 376 (Super. Ct. March 19, 2018).

has produced his tax returns, his medical records but simply seeks an agreement with Defendants that they be used solely in this case and not be made public or disseminated to third parties unrelated to this litigation." (Id.); (iv) The proposed protective order "is appropriate because the language is not overly broad, and the PPO does not authorize self-sealing," and in fact, it "itemizes appropriate documents to be deemed confidential." (Id., at pp. 3-4); and (v) Rule 5.2 of the Virgin Islands Rules of Civil Procedure is not adequate in protecting Plaintiff's privacy in this instance. (Id., at p. 4 n. 4)

## I.      Plaintiff's Motion

¶ 9      The Court finds Osage's argument that Plaintiff's motion should be construed as a motion for reconsideration unpersuasive. "A motion for reconsideration is proper when the court has erred by not applying new law, by applying existing law incorrectly, or by neglecting to consider an issue the parties raised before the court ruled [] [b]ut a motion for reconsideration is not proper when presenting new facts, raising new issues, or making new arguments." *Hatcher*, 68 V.I. 376. Here, Plaintiff renewed his motion for a protective order after the Court denied his Motion for Confidentiality Order because the Court found that "Plaintiff's deficient motion is not properly before the Court" given that it was "devoid of any binding authority or any legal basis to support his argument." Thus, the basis for Plaintiff's instant motion was not to point the Court to new law, or to alert the Court to clear error, or to identify an issue the Court had overlooked. Instead, Plaintiff filed a renewed motion to properly bring his motion for a protective order before the Court with arguments supported by proper authority. As such, Plaintiff is making a renewed motion for a protective order, not a motion for reconsideration.

## II. Sanctions

¶ 10    In his motion, Plaintiff argued in the peripheral[19] that it was not proper for the Court to order sanctions in its June 22, 2020 order because Plaintiff's Motion for Confidentiality Order was pending and thus, sanctions were not proper under Rule 37(d)(2) of the Virgin Islands Rules of Civil Procedure.[20] However, the time for Plaintiff to move for reconsideration of the June 22, 2020 has passed under to Rule 6-4 of the Virgin Islands Rules of Civil Procedure.[21] In fact, Plaintiff admitted that he failed to timely raise this argument in his motion for reconsideration filed on July 6, 2020.[22] As such, the Court need not address Plaintiff's argument as to sanctions in this Memorandum Opinion and Order.[23]

### III. Protective Order

¶ 11    Rule 26 of the Virgin Islands Rules of Civil Procedure (hereinafter "Rule 26") governs discovery. Rule 26(b)(1) provides that "[u]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. Information within this scope of discovery need not be

---

[19] *See supra*, footnote 7.

[20] Rule 37(d)(2) of the Virgin Islands Rules of Civil Procedure provides that "[a] failure described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." V.I. R. Civ. P. 37(d)(2).

[21] Rule 6-4 of the Virgin Islands Rules of Civil Procedure provides that "a party may file a motion asking the court to reconsider its order or decision within 14 days after the entry of the ruling, unless the time is extended by the court." V.I. R. Civ. P. 6-4(a).

[22] In his motion, Plaintiff stated that "Plaintiff concedes the oversight in failing to reference this statute in his Motion to Reconsider Court's Order of June 22, 2020." (Motion, p. 1 n. 1)

[23] The Court will nevertheless note its concern with Plaintiff's Motion for Confidentiality Order, which failed to "include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action" as required under Rule 26(c)(1) and as noted above, Plaintiff's one-page motion was devoid of any binding authority or any legal basis to support his argument for the Court to enter a confidentiality order. *See supra*, footnote 5. The Court is concerned that, by permitting a party to hastily file a motion for a protective under without the required Rule 26(c) certification and without any properly supported arguments, it would promote gamesmanship in discovery practices whenever a party is faced with a motion to compel and wants to avoid sanctions.

admissible in evidence to be discoverable." V.I. R. CIV. P. 26(b)(1). Rule 34 of the Virgin Islands Rules of Civil Procedure (hereinafter "Rule 34") requires a party to produce any relevant records in its possession so the requesting part may inspect or copy them.[24] Here, Osage sought to discover information pertaining to Plaintiff's medical records, insurance records, income tax records, unemployment and workmen's compensation records, and criminal records by requesting Plaintiff to execute relevant discovery authorizations. Osage vehemently opposed Plaintiff's instant motion for an entry of a protective order and argued that Plaintiff should be required to produce the requested records. In fact, based on some of Osage's assertions, it appears that Osage misunderstood Plaintiff's argument relating to confidentiality as one for privilege. However, Plaintiff did not raise the privilege issue in his instant motion and Plaintiff made it very clear that he did not "object to the production of the requested information" but requested that such information "be used solely in this case and not be made public or disseminated to third parties unrelated to this litigation." (Reply, p. 3)

¶ 12    Discovery does not automatically become a part of the court file and thus, does not perforce become accessible to the public. *See* V.I. R. CIV. P. 5(d)(1)(C) ("Whether the case is governed by the Electronic Filing Rules or papers are being filed conventionally, disclosures under Rule 26(a)(1) or (2) and the following discovery requests and responses **must not be filed** until they are used in the proceeding or the court orders filing: depositions, interrogatories, requests for documents or tangible things or to permit entry onto land, and requests for admission.") (emphasis

---

[24] Rule 34(a) provides that "[a] party may serve on any other party a request within the scope of Rule 26(b): (1) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody, or control: (A) any designated documents or electronically stored information -- including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations -- stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form..." V.I. R. CIV. P. 34(a)(1)(A).

added). Nevertheless, given the potentially private and intrusive nature of the information contained in Plaintiff's medical records, insurance records, income tax records, unemployment and workmen's compensation records, and criminal records, the Court finds that there is good cause to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" by specifying the terms for such discovery, such as limiting its disclosure to others. As such, the Court will grant Plaintiff's motion as to its request for an entry of a protective order. Additionally, although CRC has not filed anything in response to Plaintiff's instant motion, the Court presumes that, CRC, a defendant defending the same causes of action in this matter as Osage, will also want access to such discovery. As such, the Court will deny Plaintiff's motion as to its request for the Court to enter Plaintiff's proposed protective order and order Plaintiff, Osage, and CRC to meet and confer and make a good faith effort to resolve their concerns[25] without court action and submit a joint stipulated protective order.

¶ 13    While unfiled discovery is not necessarily accessible to the public, when discovery is submitted as a basis for adjudication, it does become a part of the court file and become accessible to the public. Here, the issue of whether a document covered by the protective cover should be sealed when filed with the Court was indirectly raised—to wit, Plaintiff included a clause in his proposed protective order[26] and Defendant argued that the proposed protective order was defective

---

[25] Osage raised several concerns regarding the proposed protective order, such as it being "unconscionably broad," "impractical," "defective," "slow down discovery," and redundant under Rule 5.2 of the Virgin Islands Rules of Civil Procedure.

[26] Plaintiff's proposed protective order provided, *inter alia*:

  9. Confidential Information to be Filed with Court Under Seal

    The portion of the transcript of every deposition and all exhibits, answers to interrogatories and responses to request for production filed with the Court which contain designated Confidential Information and all portions of all pleadings, motion, briefs, memoranda or other documents filed with the court purporting to reproduce or paraphrase Confidential Information, shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the title of this action, an indication of the nature

by requiring the parties self-sealing documents.[27] At this juncture, the Court finds that it is premature and impractical for the Court to anticipate what discovery materials will be filed in this matter to determine whether such document should be sealed by weighing the competing interests of public access and personal privacy. If, and when, a party wishes to file a document under seal, then the party must make such request separately with proper briefing. As such, the Court will also order that the protective order will not, by itself, authorize the filing of any document under seal and that any party wishing to file a document, whether it is designated as confidential or not, in connection with a motion, brief, or other submission to the Court must make such request separately with proper briefing.

## CONCLUSION

¶ 14    Based on the foregoing, the Court will: (i) grant Plaintiff's motion as to its request for an entry of a protective order, (ii) deny Plaintiff's motion as to its request for the Court to enter Plaintiff's proposed protective order; (iii) order the parties to meet and confer and make a good faith effort to resolve their concerns without court action and submit a joint stipulated protective

---

of the contents of such sealed envelope or other container, the words "CONFIDENTIAL PROTECTIVE ORDER" and a statement substantially in the following form.

CONFIDENTIAL

This envelope contains a portion of a deposition transcript, document or information which has been designated as confidential and is not to be opened and its contents are not to be disclosed to any person other than the Court or its Clerks except by order of the Court, or upon the stipulation of the parties.

Only those portions of the deposition transcript, answers or responses that are designated as confidential will be filed under seal upon approval by the Court.

If the Recipient Party desires to make Confidential Information a matter of public record by filing such Confidential Information with the Court, the Recipient Party must notify the Designating Party at least ten (10) days prior to filing any such Confidential Information to allow the designating Party to make application to the Court for sealing the Confidential Information for good cause.

[27] In its opposition, Osage argued that the proposed protective is "defective" because it requires the parties to self-seal in violation of the Virgin Islands Rules of Civil Procedure" and that "the Court must weight any interest in confidentiality against that of the pubic to open court records." (Opp., pp. 5-6)

order; and (iv) order the joint stipulated protective order to include a clause stating the following:

"This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file a document, whether it is designated as confidential or not, in connection with a motion, brief, or other submission to the Court must make such request separately with proper briefing." Accordingly, it is hereby:

**ORDERED** that Plaintiff's renewed motion for an entry of a protective order is **GRANTED** as to its request for an entry of a protective order. It is further:

**ORDERED** that Plaintiff's renewed motion for an entry of a protective order is **DENIED** as to its request for the Court to enter Plaintiff's proposed protective order. It is further:

**ORDERED** that, **within twenty (20) days from the date of entry of this Memorandum Opinion and Order**, Plaintiff, Osage, and CRC **shall meet and confer and make a good faith effort** to resolve their concerns without court action **and file a joint stipulated protective order**. In the event that the parties cannot agree to all the clauses of a joint stipulated protective order, then: (i) the parties shall submit a joint stipulated protective order with all the clauses that the parties agreed on and (ii) each party shall submit his/its own separate list of proposed clauses that the parties did not agree on. It is further:

**ORDERED** that the joint stipulated protective order shall include the following clause:

Filing of Confidential Information. This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file a document, whether it is designated as confidential or not, in connection with a motion, brief, or other submission to the Court must make such request separately with proper briefing.

**ORDERED** that while the entry of a protective order is pending, the parties shall continue with their respective discovery requests and productions not related to Osage's request to Plaintiff for the execution of medical records, insurance records, income tax records, unemployment and

workmen's compensation records, and criminal records. The parties shall continue to abide by the

deadlines set forth in the amended scheduling order, entered on December 28, 2020. And it is

further:

**ORDERED, within three (3) days from the date of entry of the protective order,**

Plaintiff shall produce discovery in connection with Osage's request for the execution of discovery

authorizations for medical records, insurance records, income tax records, unemployment and

workmen's compensation records, and criminal records.

**DONE and so ORDERED this** 13th **day of** May **2021.**

**ATTEST:**
Tamara Charles
Clerk of the Court

By: _____
Court Clerk ~~Supervisor~~ II

Dated: 5/13/2021

HAROLD W.L. WILLOCKS
**Presiding Judge of the Superior Court**